HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA HAMMOND, individually, and as personal representative of the Estate of RICHARD A. HAMMOND,<br><br>Plaintiff,<br><br>v.<br><br>ORTHO-MCNEIL PHARMACEUTICALS, INC.,<br><br>Defendant. | CASE NO. C07-1876RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on defendant's motion for summary judgment. Dkt. # 39. Plaintiff alleges that decedent Richard Hammond suffered an injury to his Achilles tendon after taking the prescription drug Levaquin. Defendant manufactured Levaquin, which is a powerful antibiotic used to treat serious diseases, including symptoms of chronic obstructive pulmonary disease ("COPD") from which Mr. Hammond suffered. Plaintiff filed suit against defendant, alleging that decedent's tendon

ORDER- 1

injury was so severe that it contributed to his death. Plaintiff alleges five causes of action in the Complaint: (1) negligence, (2) strict product liability, (3) breach of express and implied warranties, (4) misrepresentation, and (5) violation of the Consumer Protection Act. (Compl. ) Dkt. # 1-2. Defendant seeks summary judgment on all claims. (Mot.) Dkt. # 39. For the reasons stated below, defendant's motion is GRANTED.

## II. BACKGROUND

Richard Hammond was born on May 23, 1931. (Plf. Fact Sheet), Dkt. # 40-1, p. 6. He had a pack-per-day smoking habit for 20 years. *Id*., p. 14. Mr. Hammond subsequently developed COPD and experienced several episodes of pneumonia. *Id*., pp. 17-19.

On August 10, 2004, when Mr. Hammond was 73 years of age, he developed a cough and unusually severe shortness of breath. He went to the emergency room at Samaritan North Lincoln Hospital in Lincoln City, Oregon. (Emergency Dep't. Report) Dkt. # 40-1, p. 33. Dr. Robert Foster saw Mr. Hammond in the ER. He noted COPD complications, acute bronchitis and a history of asbestosis, and treated Mr. Hammond with several medications, including Levaquin. *Id*., p. 35.

On August 13, 2004, plaintiff called the Samaritan North Lincoln ER. She stated that over the previous days, her husband had developed leg pain, swelling and redness in the area of both Achilles tendons. Dr. Brian Handley took the call and advised plaintiff that this may have been a reaction to Levaquin. He advised that Mr. Hammond stop taking Levaquin and he issued a prescription for Zithromax instead. *Id*., p. 36.

Both before and after taking Levaquin, Mr. Hammond suffered from a number of serious medical conditions. In addition to COPD, his problems included peripheral vascular disease with prominent claudication symptoms, coronary artery disease, asbestosis, atrial fibrillation, and obesity. (Nurse's Notes) Dkt. # 40-1, p. 38.

Plaintiffs filed their complaint on August 2, 2007, but did not serve defendants until November 1, 2007. (Certificate of Service) Dkt. # 40-1, p. 48. Defendant removed

the action to federal court and it was later transferred by the Judicial Panel on Multidistrict Litigation to MDL-1943. Common discovery and other proceedings were completed in the MDL. (MDL Remand Order) Dkt. # 23. Unfortunately, Mr. Hammond died on December 28, 2007. (Plf. Fact Sheet) Dkt. # 40-1, p. 28. The cause of death was respiratory failure due to COPD. *Id.*, p. 29. Plaintiff contends that decreased mobility due to the tendon injuries accelerated Mr. Hammond's COPD symptoms. *Id.*, p. 26. Plaintiff Patricia Hammond, Mr. Hammond's surviving spouse, was appointed Personal Representative of his Estate. *Id.*, p. 3.

The Judicial Panel issued its Conditional Remand Order on November 21, 2014. (MDL Remand Order) Dkt. # 23. This Court issued a Minute Order on February 4, 2015, setting the discovery and trial deadlines. Dkt. # 34. This order required all parties to disclose expert witnesses by June 15, 2015. Discovery closed on July 20, 2015, dispositive motions were due to be filed by August 18, 2015, and the trial date is set for November 16, 2015. *Id.*

Plaintiff did not serve an expert disclosure, either on June 15, 2015 or at any time thereafter. (Norman Dec.) Dkt. #40, ¶ 8.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000). Credibility determinations and the weighing of the evidence are jury functions, not those of a judge. *Anderson*, 477 U.S. at 255. For purposes of summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)).

## IV. ANALYSIS

**A.   Statute of Limitations**

In support of its motion for summary judgment, defendant has presented evidence showing that plaintiff's claim accrued on August 13, 2004. (Emergency Dep't. Report) Dkt. # 40-1, p. 33. In response, plaintiff fails to respond to this evidence and fails to present any facts that would create a disputed issue for trial. Plaintiff also does not dispute that her claims are subject to the three-year statute of limitations applicable to product liability actions. *See* RCW § 7.72.060(3); *see also* RCW § 7.72.010(4). Accordingly, the limitations period in this case expired on August 13, 2007.

Plaintiff filed this action on August 2, 2007, but did not serve defendant until November 2, 2007. Although plaintiff cites no law to support a claim of tolling, RCW § 4.16.170 provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. **If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.** If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so

> filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

RCW § 4.16.170 (emphasis added).

Thus, plaintiff's filing of the complaint on August 2, 2007 would have tolled the limitations period if she had served defendant within 90 days, *i.e.*, by October 31, 2007. Plaintiff, however, served defendant one day late on November 1, 2007. Accordingly, plaintiff's action is time-barred. *See Derendy v. Kumbera*, 45 Wash. App. 485, 488 (1986) (strictly construing the 90-day period); *see also Hardin v. Soto*, 2014 WL 5604123, at * 3 (C.D. Cal. Feb. 24, 2014) ("While it may appear harsh, the fact that the present petition was only one day late is not a basis equitable tolling for otherwise avoiding the consequences of the statute of limitation.").

**B.  Lack of Expert Testimony**

Additionally, even if plaintiff's claims were timely, there is insufficient evidence in the record to support her claims. Plaintiff has the burden to prove causation, *i.e.*, to present evidence that demonstrates that Levaquin was a cause of Richard Hammond's tendon injuries and subsequent death. *Henricksen v. ConocoPhillipsCo.*, 605 F. Supp. 2d 1142, 1177 (E.D. Wash. 2009) (plaintiff has burden to prove both general and specific causation). Thus, to prevail on summary judgment, defendant need only point out that there is an absence of evidence to support plaintiff's case. *Celotex Corp.*, 477 U.S. at 325.

Defendant points to plaintiff's failure to designate an expert witness. Here, it is undisputed that Mr. Hammond suffered from COPD and multiple other ailments prior to his use of Levaquin. *See, e.g.*, (Nurse's Notes) Dkt. # 40-1, p. 38. Under these circumstances, expert testimony will be necessary to assist the jury in determining the impact of Levaquin on Mr. Hammond and to isolate it as a cause of his injuries and death. *See*, *e.g.*, *Matter of Disciplinary Proceeding Against Petersen*, 120 Wn.2d 833, 869 (1993) ("Expert testimony is generally required when an essential element in the case

is best established by an opinion which is beyond the expertise of a layperson"); *Pagnotta v. Beall Trailers of Oregon*, 99 Wn. App. 28, 33-34 (2000) ("[W]hen causation involves obscure medical facts requiring an ordinary lay person to speculate, expert opinion is necessary"); *Carlos v. Cain*, 4 Wn. App. 475, 477 (1971) (finding that lay witness testimony from plaintiff's wife could not establish proximate cause element); Fed. R. Evid. 701(c) ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is not based on scientific, technical or other specialized knowledge within the scope of Rule 702.").

In response to defendant's motion, plaintiff has failed to present any evidence related to the causation element that would create a genuine issue for trial. *Anderson*, 477 U.S. at 250. Accordingly, defendant is entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (Dkt. # 39) is GRANTED. The clerk is directed to terminate any pending motions and to enter judgment in favor of defendant and against plaintiff.

Dated this 28th day of October, 2015.

The Honorable Richard A. Jones
United States District Judge